**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **MARTIN LAW GROUP, P.C.,** | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| **WELCH FAMILY LIMITED PARTNERSHIP FIVE** | ) |
| **SERVE:**<br>**Kenneth Welch, General Partner**<br>**2611 Spencer Rd.**<br>**Chevy Chase, MD 20815** | ) **Case No. 1:26-cv-2679** |
| **WELCH FAMILY LIMITED PARTNERSHIP SIXTEEN** | ) |
| **SERVE:**<br>**Kenneth Welch, General Partner**<br>**2611 Spencer Rd.**<br>**Chevy Chase, MD 20815** | ) |
| **and** | ) |
| **WELCH FAMILY LIMITED PARTNERSHIP SEVENTEEN** | ) |
| **SERVE:**<br>**Kenneth Welch, General Partner**<br>**2611 Spencer Rd.**<br>**Chevy Chase, MD 20815** | ) |
| **Defendants.** | ) |

# <u>COMPLAINT</u>

Jeffery Martin, Jr. VSB 71860
E. Brandon Schell, Esq. VSB 97213
Martin Law Group, P.C.
8065 Leesburg Pike, Suite 750
Vienna, VA 22182
(703) 834-5550
Jeff@martinlawgroup.com
Brandon@martinlawgroup.com
Counsel for Plaintiff

COMES NOW Plaintiff, Martin Law Group, P.C., ("Plaintiff" or "MLG"), by and through undersigned counsel, and files this Complaint against Welch Family Limited Partnership Five ("WFLP5"), Welch Family Limited Partnership Sixteen ("WFLP16"), and Welch Family Limited Partnership Seventeen ("WFLP17") (collectively "Defendants"), and alleges and states as follows:

**PARTIES**

1. MLG is a Virginia Professional Corporation, organized under the laws of the Commonwealth of Virginia with its principal place of business in Vienna, Virginia. Plaintiff is a citizen of Virginia for purposes of diversity jurisdiction.

2. WFLP5 is a Maryland limited partnership with a principal place of business in the State of Maryland. WFLP5 is a citizen of Maryland for purposes of diversity jurisdiction.

3. WFLP16 is a Maryland limited partnership with a principal place of business in the State of Maryland. WFLP16 is a citizen of Maryland for purposes of diversity jurisdiction.

4. WFLP17 is a Maryland limited partnership with a principal place of business in the State of Maryland. WFLP17 is a citizen of Maryland for purposes of diversity jurisdiction.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Complete diversity exists because Plaintiff is a citizen of Virginia and Defendants are citizens of Maryland.

7. Defendants consented to personal jurisdiction in Virginia by executing an engagement agreement on or about July 7, 2025, which contains a forum-selection clause requiring that all disputes arising under the contract be brought in Virginia.

8. Defendants thereby contractually waived any objection to personal jurisdiction in this forum and agreed to submit to the jurisdiction of Virginia courts for claims arising from the contract.

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants contractually agreed that all litigation arising under the contract must be brought in Virginia and substantial part of the events or omissions giving rise to the claims occurred in this District.

**FACTS**

10. On July 7, 2025, MLG and Welch entered into an agreement that MLG would provide legal representation to Defendants regarding the preparation and filing of an involuntary bankruptcy petition against Roger Black, including preparation and filing of an emergency motion to appoint a Chapter 11 trustee.

11. This Agreement was reduced to writing and signed by authorized representatives of both MLG and Welch. See **Exhibit A** (the "Agreement") attached hereto and incorporated herein.

12. On or around July 7, 2025, MLG began legal representation and preparing an involuntary bankruptcy petition and representing Defendants in the subsequent involuntary bankruptcy as creditors.

13. Over the course of the next several months MLG attorneys worked in excess of 702 hours on Defendants' matter which included extensive briefing, numerous hearings, an all-

day judicial mediation, and review and production of voluminous discovery. MLG's overall fees billed to this matter totaled $303,599.00.

14. Defendants are also responsible for out-of-pocket expenses totaling $6,306.90.

15. MLG at all times provided reasonable, competent legal representation and fully performed all obligations and conditions pursuant to the Agreement.

16. MLG provided monthly statements to Defendants describing the tasks performed that month, the time expended on each task, the responsible employee of MLG, and the cost of the task performed.

17. Despite demand, Defendants have failed to pay amounts owed to MLG in full.

18. MLG attempted to resolve the payment issue through phone calls and emails with Defendants but to no avail.

19. As of August 19, 2026, MLG is owed $162,564.87 for unpaid fees and costs. A statement of account setting forth these amounts is attached hereto as **Exhibit B** and is incorporated by reference.

20. In addition, under the Agreement, MLG is also entitled to interest at the rate of one percent (1%) per month (or 12% annually) on any amounts that remain unpaid.

**COUNT 1: BREACH OF CONTRACT**

21. MLG hereby repeats and realleges, as though set forth fully herein, the allegations set forth above in this Complaint.

22. There presently exists under said Agreement an unpaid amount due and owing to MLG by Defendants totaling $162,564.87.

23. Defendants' breach of the Agreement was a direct, intended and foreseeable cause of Plaintiff sustaining economic damages including incidental and consequential damages.

24. As a direct and proximate result of the Defendants' material breach of the Agreement, MLG has incurred, and will continue to incur in the future, significant monetary losses.

WHEREFORE, for the foregoing reasons, Plaintiff, Martin Law Group P.C., respectfully prays for judgment in its favor and against the Defendants, Welch Family Limited Partnership Five, Welch Family Limited Partnership Sixteen, and Welch Family Limited Partnership Seventeen, in the amount of $162,564.87, plus all interest at the rate of Twelve Percent (12%) from the date of breach, and award expenses and costs as allowed by applicable law.

**COUNT 2 – UNJUST ENRICHMENT**

25. The Plaintiff hereby repeats and realleges, as though set forth fully herein, the allegations set forth above in the Complaint.

26. MLG rendered valuable consideration in performing significant legal services between July 7, 2025, and August 12, 2026.

27. These legal services were requested by Defendants.

28. Despite Defendants' knowledge and understanding of MLG's legal representation of Defendants, Defendants wrongfully and unjustly retained the monies that were to be paid to MLG for the work it provided to MLG's detriment.

29. The retention of monies meant to compensate MLG for the work it performed, including preparing an involuntary bankruptcy petition, and representing Defendants in the subsequent involuntary bankruptcy as creditors, is inequitable and unjust.

WHEREFORE, for the foregoing reasons, Plaintiff, Martin Law Group P.C., respectfully prays for judgment in its favor and against the Defendants, Welch Family Limited Partnership Five, Welch Family Limited Partnership Sixteen, and Welch Family Limited Partnership

Seventeen, in the amount of $162,564.87, plus all interest at the rate of Twelve Percent (12%) from the date of breach, and award expenses and costs as allowed by applicable law.

**COUNT 3 – QUANTUM MERUIT**

30. The Plaintiff hereby repeats and realleges, as though set forth fully herein, the allegations set forth above in the Complaint.

31. MLG completed work related to preparing an involuntary bankruptcy petition and representing Defendants in the subsequent involuntary bankruptcy as creditors, constituting valuable consideration, which was requested by Defendants.

32. Defendants accepted and received the benefit of MLG's representation with the knowledge that MLG expected to be compensated for its labor and effort.

33. Despite Defendants' knowledge and understanding of MLG's representation and expectation to be paid, Defendants wrongfully and unjustly denied payment on the representation related to the preparation an involuntary bankruptcy petition and representing Defendants in the subsequent involuntary bankruptcy as creditors.

34. Defendants' retention of the full benefit of the MLG's efforts preformed, as well as its continued retention of monies meant to compensate MLG for that work, is inequitable and unjust.

WHEREFORE, for the foregoing reasons, Plaintiff, Martin Law Group P.C., respectfully prays for judgment in its favor and against the Defendants, Welch Family Limited Partnership Five, Welch Family Limited Partnership Sixteen, and Welch Family Limited Partnership Seventeen, in the amount of $162,564.87, plus all interest at the rate of Twelve Percent (12%) from the date of breach, and award expenses and costs as allowed by applicable law.

## PRAYER FOR RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff, Martin Law Group P.C., respectfully requests an order granting the following relief:

a. Judgment against Defendants, Welch Family Limited Partnership Five, Welch Family Limited Partnership Sixteen, and Welch Family Limited Partnership Seventeen, jointly and severally, in the amount of $162,564.87, plus all interest at the rate of Twelve Percent (12%) from the date of breach as requested above;

b. To award expenses and costs as allowed by applicable law;

c. And for such other relief as may be deemed just and proper.

Dated: August 19, 2026

Respectfully submitted,
MARTIN LAW GROUP, P.C.,
By Counsel

/s/ Jeffery T. Martin, Jr.___________
Jeffery Martin, Jr. VSB 71860
E. Brandon Schell, Esq. VSB 97213
Martin Law Group, P.C.
8065 Leesburg Pike, Suite 750
Vienna, VA 22182
(703) 834-5550
Jeff@martinlawgroup.com
Brandon@martinlawgroup.com
*Counsel for Plaintiff*